**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy J Williams, | No. CV-24-00924-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| N. Otter, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Blank Trial Subpoena Forms and USM-285 Forms (Doc. 120) as required by the Court's January 23, 2026 Order (Doc. 119). Plaintiff seeks subpoenas for 8 non-inmate witnesses and writs for two inmate witnesses. (Doc. 120). Defendants filed a Response (Doc. 126). Although Plaintiff has not yet filed his reply, the Court issues this Partial Order granting Plaintiff's request for blank trial subpoena forms for Jaimes Bravo and Ryan Myers, and ordering Plaintiff to file a supplemental statement regarding Brian Goddard and Marcos Lopez. The Court will address the remaining witnesses in a separate Order to be issued after Plaintiff files his reply.

## I.    BACKGROUND

The Court's January 23, 2026 Order directed Plaintiff to file a motion for blank trial subpoena forms and USM-285 forms for any non-inmate witnesses Plaintiff intends to call at trial, and to indicate how Plaintiff intends to pay for the witness fees. (Doc. 119 at 2). The Court also ordered Plaintiff to list each inmate witness for whom he is seeking a writ

to testify at trial, and to include enough information to locate the inmate witness. (*Id.*). For all witnesses, the Court ordered Plaintiff to explain why each proposed witness is necessary for trial. (*Id.*).

## II.    DISCUSSION

Plaintiff's Motion seeks to subpoena 8 non-inmate witnesses to testify at trial: Defendants Otter, Fitzgibbons, and Velasco; Sgt. Brian Goddard; Sgt. Marcos Lopez; correctional officer ("CO") Jaimes Bravo; Director Ryan Thornell; and Sgt. Ryan Meyers. (Doc. 120 at 1–4). Plaintiff's Motion also seeks to obtain writs for inmates Elias Holguin and Scotty Jones to testify at trial. (*Id.* at 5–6). This Partial Order will only address CO Jaimes Bravo, Sgt. Ryan Myers, Sgt. Brian Goddard, and Sgt. Marcos Lopez.

Defendants argue that Plaintiff's explanations regarding these witnesses does not demonstrate that each witness will offer "material, non-duplicative" testimony that cannot be obtained through party-witnesses or existing evidence. (Doc. 126 at 4). Defendants contend that the following information is needed from Plaintiff to determine the necessity of these witnesses: (1) the precise facts to which the witness will testify; (2) why the testimony is material to a disputed issue; (3) why it is not cumulative of other evidence and witnesses. (Doc. 126 at 6). The Court will address each of these witnesses individually.

### A. CO Jaimes Bravo

Plaintiff states that CO Jaimes Bravo is a necessary witness because he was the other officer escorting Plaintiff with Defendant Otter and is seen in the video footage when Defendant Otter body slammed Plaintiff. (Doc. 120 at 3). As the Court indicated in the denial of summary judgement, the video footage does not have audio, and thus one of the core factual disputes is what transpired in the moments before Defendant Otter body slammed Plaintiff. (Doc. 102 at 13–14). Plaintiff has justified calling CO Bravo because he was a witness to one of the incidents at issue. Therefore, the Court will send Plaintiff a blank subpoena form and USM-285 Form for Jaimes Bravo, for Plaintiff to complete and return as specified below.

### B. Sgt. Ryan Meyers

Plaintiff states that Sgt. Ryan Meyers is a necessary witness because he was present when Defendant Fitzgibbon allegedly attacked Plaintiff while escorting Plaintiff to medical. (Doc. 120 at 4). The Court is not aware of video footage regarding this alleged incident and therefore finds that Plaintiff has justified calling Sgt. Meyers because he was a witness to one of the incidents at issue. Therefore, the Court will send Plaintiff a blank subpoena form and USM-285 Form for Ryan Meyers, for Plaintiff to complete and return as specified below.

### C. Sgt. Brian Goddard

Plaintiff states that Sgt. Brian Goddard is a necessary witness because Sgt. Goddard was posted at the yard on the day of the incident, emailed Defendants before they filled out their incident reports, and was a supervisor to Defendants. (Doc. 120 at 2–3). It is unclear from Plaintiff's statement whether Sgt. Goddard was an eyewitness to the first incident that took place on the yard. Moreover, while Plaintiff's argument that the incident reports are not reliable was relevant at the summary judgment stage and in the absence of testimony from the officers under oath, it is not clear whether the incident reports are still relevant if the officers and Defendants testify under oath at trial. The fact that Sgt. Goddard was Defendants' supervisor has no bearing on whether Defendants used excessive force in the specific incidents at issue.

On this record, the Court cannot determine if Sgt. Brian Goddard is a necessary witness for trial. Therefore, the Court will direct Plaintiff to file a supplemental statement regarding Sgt. Goddard's testimony.

### D. Sgt. Marcos Lopez

Plaintiff states that Sgt. Marcos Lopez is a necessary witness because he received the email Sgt. Goddard sent to Defendants prior to filling out the incident reports, and that he responded to Sgt. Goddard's email. (Doc. 120 at 3). The reasons provided by Plaintiff do not establish that Sgt. Lopez is a necessary witness at trial because the email is not material to the issues in this case.

However, the incident reports suggest that Sgt. Lopez was present at the first incident and "started recording the incident when all the inmates were laying on the ground." (Doc. 83-3 at 15). There was no video footage for the alleged incident where Plaintiff claims Defendant Velasco shot at him 20 times with pepper balls after Plaintiff was already lying on the ground. Sgt. Lopez's testimony would appear necessary if he witnessed either of the alleged incidents in the yard.

Nevertheless, on this record, the Court cannot determine if Sgt. Marcos Lopez is a necessary witness for trial. Therefore, the Court will direct Plaintiff to file a supplemental statement regarding Sgt. Lopez's testimony.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Clerk of Court shall send Plaintiff this Order, a copy of the Marshal's Process Receipt & Return form (USM-285) and Blank Trial Subpoena forms for CO Jaimes Bravo and Sgt. Ryan Meyers.[1]

**IT IS FURTHER ORDERED** that, **within 7 days**, Plaintiff must complete and return the subpoenas and USM-285 to the Clerk of Court. Plaintiff must also tender the witness fees based on the addresses and calculations to be provided by Defendants. The United States Marshal will not provide service if Plaintiff fails to comply with this Order.

**IT IS FURTHER ORDERED** that upon receipt of the completed forms and fees, the Court will direct the Marshals to serve the respective witnesses at the addresses provided by defense counsel.

**IT IS FURTHER ORDERED** that defense counsel shall, **within 3 days**, provide under seal the home addresses for CO Jaimes Bravo and Sgt. Ryan Meyers from their personnel records so the Court can send the Marshals to their homes to serve them. Alternatively, counsel can agree to accept service of the subpoena on each officer's behalf, in which case, defense counsel must include the address at which she would like to be personally served.

---

[1] As the Court has yet to rule on the remaining witnesses requested by Plaintiff, Doc. 120 remains pending.

**IT IS FURTHER ORDERED** that defense counsel shall, **within 3 days**, separately file a statement calculating the witness fees for Jaimes Bravo and Ryan Meyers.

**IT IS FURTHER ORDERED** that by **Monday, February 23, 2026**, Plaintiff shall file a supplemental statement explaining why Sgt. Brian Goddard and Sgt. Marcos Lopez are necessary witnesses for trial. Plaintiff should specifically address whether Sgt. Goddard and Sgt. Lopez personally witnessed any of the alleged instances of excessive force that form the basis for this case. If these witnesses do not have personal knowledge of the alleged instances of excessive force, Plaintiff should specifically explain what the witness would testify about and why that testimony would be material to a disputed issue in this case.

**IT IS FINALLY ORDERED** that to the extent Plaintiff asks this Court to "collect" the witness fees from his trust account and to tender the fees to the respective witnesses, that request is denied. Plaintiff must provide the fees himself.

Dated this 17th day of February, 2026.

James A. Teilborg
Senior United States District Judge