**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy J. Williams, | No. CV-24-00924-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| N. Otter, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 121). Defendants filed an Opposition to Plaintiff's Motion to Amend (Doc. 128). For the reasons explained below, the Court will deny Plaintiff's Motion.

**I.     BACKGROUND**

In his five-count complaint filed on April 23, 2024, Plaintiff named numerous defendants, including Director Ryan Thornell and Sgt. Brian Goddard. (Doc. 1 at 2). In his claim for excessive force, Plaintiff alleged that Goddard and Thornell, among others, failed to adequately train and supervise employees, and that they implemented policies and practices that resulted in Plaintiff's injuries. (Doc. 7 at 5).

In the July 17, 2024 Screening Order, the Court dismissed both defendants because Plaintiff did not allege facts showing that their failure to train or supervise amounted to deliberate indifference, and did not point to any alleged policies or practices that resulted in his injuries. (Doc. 7 at 5–6). The Screening Order stated that if Plaintiff wished to amend the complaint, he must rewrite the amended complaint in its entirety, including those claims

and Defendants that were not dismissed, and must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure ("Local Rule" or "LRCiv"). (Doc. 7 at 15). The case was referred to a Magistrate Judge for all pretrial proceedings. (Doc. 7 at 17).

On September 23, 2024, Defendants Otter and Velasco filed an Answer to the complaint (Doc. 17), which Defendant Fitzgibbon later joined (Doc. 19). On September 24, 2024, the Magistrate Judge issued a scheduling order. (Doc. 18). In that first scheduling order, the deadline to file requests to amend the pleadings was December 9, 2024, and the deadline for discovery requests was January 31, 2025. (Doc. 18 at 3). At Plaintiff's request, the Court extended the discovery request deadline several times, ultimately setting the discovery request deadline for April 16, 2025. (Doc. 56; Doc. 73). The new scheduling orders did not include a new deadline to amend the pleadings, as that deadline had already passed. (Doc. 56 at 2; Doc. 73 at 2).

On February 6, 2026, over a year after the deadline to file requests to amend the pleadings, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to re-add Sgt. Goddard and Director Thornell and amend the injury portion of the Complaint. (Doc. 121). Plaintiff states that he "recently discovered through viewing discovery some form of liability with both" Goddard and Thornell, as well as "new evaluation of injury." (*Id.*). Plaintiff did not attach a copy of the proposed amended complaint as required by LRCiv 15.1(a). Defendants oppose the Motion. (Doc. 128).

## II.     DISCUSSION

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings. However, in the present case, Rule 16(b) also applies because Plaintiff requested leave to amend his complaint after the Rule 16 Scheduling Order deadline expired. Therefore, it is appropriate to discuss both Rule 15 and Rule 16.

Rule 15(a) provides in pertinent part:

> **(1) *Amending as a Matter of Course.*** A party may amend the party's pleading once as a matter of course no later than:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading

> is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* (quoting *Webb*, 655 F.2d at 979). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Prejudice can result where a defendant would be forced to participate in additional

discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Extending discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."). Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

Rule 16, on the other hand, applies to pretrial conferences and scheduling orders. Rule 16(b) states that the mandated scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted); *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012); *Sullivan v. Salt River Project Agric. Improvement & Power Dist.*, No. CV-12-01810-PHX-SRB, 2013 WL 12174689, at *1 (D. Ariz. June 5, 2013).

The Ninth Circuit Court of Appeals has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

With respect to the interplay between Rules 16 and 15, the Ninth Circuit Court of Appeals has explained that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]." *Johnson*, 975 F.2d at 607–08; *Jackson*, 186 F.R.D. at 607; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiff's Motion for Leave to Amend Complaint under Rule 16, and then, if necessary, under Rule 15(a).

### A. Motion to Amend Complaint Under Rule 16

As explained above, in assessing a motion to amend the complaint under Rule 16, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. The moving party must demonstrate "good cause," which "primarily considers the diligence of the party seeking the amendment." *Id.*; Fed. R. Civ. P. 16(b)(4); *Morgal*, 284 F.R.D. at 460 ("In seeking leave to modify the Rule 16 Order to allow amendment, plaintiff has the burden of establishing good cause within the meaning of that Rule."). "If that party was not diligent, the inquiry should end." *Id.* One of the factors the Court considers in determining good cause under Rule 16 is whether the movant "was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order." *Jackson*, 186 F.R.D. at 608.

Plaintiff seeks to add Director Ryan Thornell and Sgt. Brian Goddard as defendants and amend the injury portion of the Complaint based on information he "recently discovered through viewing discovery." (Doc. 121). However, the deadline for discovery requests was April 16, 2025 (Doc. 73), nearly 10 months before Plaintiff filed this Motion. Plaintiff does not assert that he obtained any new and previously unavailable information that led him to believe that a cause of action against Thornell or Goddard is now appropriate. The record supports that the information Plaintiff "discovered" is not new information, as prior to Plaintiff's filing of this Motion, the last notice of service of discovery was on June 17, 2025 (Doc. 96), over 7 months before Plaintiff filed this Motion. Assuming something in that evidence supports a cause of action against Goddard or Thornell, Plaintiff offers no explanation as to why he waited over 7 months after receiving that evidence before filing the motion to amend. Therefore, the Court finds that Plaintiff has failed to demonstrate diligence in seeking the amendment and as such has failed to demonstrate good cause under Rule 16. *See Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (finding that the plaintiffs "failed to demonstrate diligence in seeking amendment" when the plaintiffs filed the motion to amend "nearly one year after the expiration of the amendment deadline," failed to specify what new information they

obtained, and did not explain "why they waited up to seven months after receiving the necessary documents before filing the motion to amend"); *Morgal*, 284 F.R.D. at 462 (finding that the plaintiff did not demonstrate diligence because he waited four months after discovering the basis of the new allegation to file the motion to amend).

### B. Procedural Deficiency

Moreover, even if the Court reached the Rule 15 analysis, Plaintiff did not attach a copy of the proposed amended complaint as required by Local Rule 15.1 and the Court's Screening Order. (Doc. 7 at 15) ("If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with [Rule 15 and Local Rule 15.1]."); LRCiv 15.1(a) ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits."). Based on Plaintiff's vague statement that he discovered a "new evaluation of injury" and "some form of liability" for Goddard and Thornell, the Court is unable to perform a meaningful review of the Motion under Rule 15(a).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 121) is **denied**.

Dated this 24th day of February, 2026.

James A. Teilborg
Senior United States District Judge