**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy J. Williams, | No. CV-24-00924-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| N. Otter, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for an extension of time to file the joint Proposed Final Pretrial Order (Doc. 143) and Plaintiff's Motion to orally raise motions in limine at trial (Doc. 144). For the reasons explained below, the Court will extend the deadline to file the joint Proposed Final Pretrial Order to Thursday, March 12, 2026, and will extend the deadline for Plaintiff to file his motions in limine to Monday, March 9, 2026.

## I. Joint Proposed Final Pretrial Order

The Court's January 23, 2026 Order setting the Final Pretrial Conference (Doc. 119) instructed the parties to file the joint Proposed Final Pretrial Order by March 4, 2026. (Doc. 119 at 2). On February 26, 2026, Plaintiff filed a Motion for extension of time to file the joint Proposed Final Pretrial Order (Doc. 143). Plaintiff asserts that he was unable to adequately prepare for his meeting with defense counsel because the meeting was "unscheduled," and that defense counsel gave him "multiple joint draft reports along with a disc with 8 videos when there originally was only six." (Doc. 143). Plaintiff further argues

that due to insufficient staffing at the prison, he is still waiting to review the videos and has had difficulty preparing evidence and documents for his next meeting with defense counsel to finalize the joint Proposed Final Pretrial Order. (*Id.*).

Under Federal Rule of Civil Procedure 6(b), "the court may, for good cause," extend a deadline if a party requests an extension of time "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Because Plaintiff has alleged that his inability to meet the original deadline is due to circumstances of his incarceration that are beyond his control, the Court finds that Plaintiff has demonstrated good cause for an extension of time to file the joint Proposed Final Pretrial Order. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967))).

Therefore, the Court will extend the deadline to file a joint Proposed Final Pretrial Order as required by the Court's January 23, 2026 Order setting the Final Pretrial Conference (Doc. 119) to Thursday, March 12, 2026.

## II.     Motions in Limine

The Court's January 23, 2026 Order setting the Final Pretrial Conference (Doc. 119) instructed the parties to file motions in limine by February 25, 2026, and responses to motions in limine by March 11, 2026. (Doc. 119 at 2). Defendants timely filed their motions in limine. (*See* Docs. 133–142).

On February 26, 2026, Plaintiff filed a Motion to orally raise motions in limine at trial (Doc. 144). Plaintiff asserts that on February 25, 2026, he "attempted to e-file his motion in limine by handing documents to" a correctional officer who said he would file it the next day, but Plaintiff states that the "motion in limine deadline was not met." (*Id.*). Plaintiff requests that he be "allowed to ask for oral motion on evidence as it is produced and [laid] out during trial with a spoken motion in limine." (*Id.*).

Because Plaintiff alleged that he attempted to file his motions in limine by the original deadline of February 25, 2026, and that his failure to meet the deadline was due to

- 2 -

circumstances of his incarceration that are beyond his control, the Court finds it appropriate to extend the time for Plaintiff to file his motions in limine. *See* Fed. R. Civ. P. 6(b)(1); *Eldridge*, 832 F.2d at 1136. Plaintiff must file his motions in limine in accordance with the Court's January 23, 2026 Order setting the Final Pretrial Conference (Doc. 119) by Monday, March 9, 2026. Defendants' response to Plaintiff's motions in limine are due by Monday, March 16, 2026.

The Court will deny Plaintiff's request to orally raise motions in limine during trial. As set forth in the Court's January 23, 2026 Order setting the Final Pretrial Conference (Doc. 119), the Court will address any motions in limine at the Final Pretrial Conference on April 8, 2026. (Doc. 119 at 1, 4). The parties may still raise objections to evidence as it is presented at trial as permitted by the rules. To the extent that Plaintiff argues that the Local Rule of Civil Procedure 7.2(l) "requirement for good faith discussion" was not met (Doc. 144 at 2), if Plaintiff opposes any motions in limine filed by Defendants, Plaintiff must respond to these motions in limine by the original deadline of Wednesday, March 11, 2026. (Doc. 119 at 4).

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for an extension of time to file the joint Proposed Final Pretrial Order (Doc. 143) is **granted**. The joint Proposed Final Pretrial Order is due by **Thursday, March 12, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to orally raise motions in limine at trial (Doc. 144) is **denied**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's deadline to file motions in limine is extended to **Monday, March 9, 2026**. Defendants' response to Plaintiff's motions in limine are due by **Monday, March 16, 2026**.

Dated this 3rd day of March, 2026.

James A. Teilborg
Senior United States District Judge