**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy J. Williams, | No. CV-24-00924-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| N. Otter, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Blank Trial Subpoena Forms and USM-285 Forms (Doc. 120) as required by the Court's January 23, 2026 Order (Doc. 119). Plaintiff seeks subpoenas for 8 non-inmate witnesses and writs for two inmate witnesses. (Doc. 120). Defendants filed a Response (Doc. 126). Plaintiff did not file a reply. On February 17, 2026, the Court issued a Partial Order granting Plaintiff's request for blank trial subpoena forms for Jaimes Bravo and Ryan Meyers. (Doc. 129). Plaintiff did not return the forms. In the same Order, the Court directed Plaintiff to file a supplemental statement regarding Brian Goddard and Marcos Lopez. (*Id.*). Plaintiff did not file a supplemental statement. The Court now rules on the remaining witnesses.

## I.    BACKGROUND

The Court's January 23, 2026 Order directed Plaintiff to file a motion for blank trial subpoena forms and USM-285 forms for any non-inmate witnesses Plaintiff intends to call at trial, and to indicate how Plaintiff intends to pay for the witness fees. (Doc. 119 at 2). The Court also ordered Plaintiff to list each inmate witness for whom he is seeking a writ

to testify at trial, and to include enough information to locate the inmate witness. (*Id.*). For all witnesses, the Court ordered Plaintiff to explain why each proposed witness is necessary for trial. (*Id.*).

Plaintiff's Motion seeks to subpoena 8 non-inmate witnesses to testify at trial: Defendants Otter, Fitzgibbons, and Velasco; Sgt. Brian Goddard; Sgt. Marcos Lopez; correctional officer ("CO") Jaimes Bravo; Director Ryan Thornell; and Sgt. Ryan Meyers. (Doc. 120 at 1–4). Plaintiff's Motion also seeks to obtain writs for inmates Elias Holguin and Scotty Jones to testify at trial. (*Id.* at 5–6).

In the Court's February 17, 2026 Partial Order, the Court determined that Plaintiff sufficiently justified calling CO Jaimes Bravo and Sgt. Ryan Meyers as witnesses. (Doc. 129 at 2–3). The Court also directed Plaintiff to file a supplemental statement explaining why Sgt. Brian Goddard and Sgt. Marcos Lopez are necessary witnesses, and to specifically address whether Sgt. Brian Goddard and Sgt. Marcos Lopez personally witnessed any of the instances of excessive force alleged in this case. (Doc. 129 at 5). Plaintiff did not file a supplemental statement.

The Court will address the remaining 6 non-inmate witnesses and 2 inmate witnesses below.

## II.    DISCUSSION

### A. Defendants Nathan Otter, Travis Fitzgibbons, and Angel Velasco

Plaintiff seeks a trial subpoena for Defendants Otter, Fitzgibbons, and Velasco. (Doc. 120 at 1–2). Defendants in their Response confirmed that Defendants Otter, Fitzgibbons, and Velasco will appear at trial without subpoena. (Doc. 126 at 3). Accordingly, Plaintiff's request for Marshal service as to these party-witnesses is denied as unnecessary.

### B. Sgt. Brian Goddard and Sgt. Marcos Lopez

As discussed in the Court's Partial Order (Doc. 129), the Court cannot determine based on Plaintiff's statements in his Motion for Blank Trial Subpoena Forms (Doc. 120) whether Sgt. Brian Goddard and Sgt. Marcos Lopez are necessary witnesses for trial.

Plaintiff does not allege that Sgt. Lopez witnessed any of the alleged instances of excessive force that form the basis of this case. And it is unclear from Plaintiff's statement that Sgt. Goddard "was posted as OT yard on the day of" the incident whether Sgt. Goddard was present and personally witnessed the first incident that took place on the yard. (*See* Doc. 120 at 2). Further, the Court finds that, absent additional explanation, Plaintiff's argument that these witnesses are relevant because of the email chain to Defendants is insufficient to justify calling these witnesses at trial. Therefore, the Court will deny Plaintiff's request to subpoena Sgt. Goddard and Sgt. Lopez.

### C. Director Ryan Thornell

Plaintiff seeks a subpoena for Director Ryan Thornell to testify at trial regarding "policy violations pertaining to this case as he has created most of it on excessive force." (Doc. 120 at 4). Defendants argue that Plaintiff has not demonstrated that Director Thornell has unique or first-hand knowledge of the incidents at issue, and that policy-level testimony is not necessary to determine liability for the specific incidents in this case. (Doc. 136 at 3). The Court agrees that testimony regarding the general policy on use of force has no relevance to the specific incidents underlying this case. The Court will therefore deny Plaintiff's request to subpoena Director Thornell.

### D. Inmates Elias Holguin and Scotty Jones

Plaintiff argues that inmates Elias Holguin and Scotty Jones are necessary witnesses because they were present on the yard when Plaintiff was shot. (Doc. 120 at 5–6). Defendants argue that Plaintiff has not demonstrated that the testimony of these inmate witnesses is relevant to the trial. (Doc. 126 at 4, 6).

Defendants state that inmates Elias Holguin and Scotty Jones were involved in the separate inmate-on-inmate fight that the officers were responding to. (*See* Doc. 126 at 6).

As discussed in the Court's Order denying summary judgment, factors to be considered in an excessive force claim include the need for application of force, the relationship between that need and the amount of forced used, and the threat reasonably perceived by the responsible officials. (Doc. 102 at 7); *Furnace v. Sullivan*, 705 F.3d 1021,

- 3 -

1029 (9th Cir. 2013). Defendants argued in their motion for summary judgment that "it was reasonable for [Defendant] Velasco to assume Plaintiff was part of the altercation." (Doc. 82 at 9). It stands to reason that inmates inside the yard who were involved in the altercation could provide relevant testimony regarding Plaintiff's perceived involvement in the fight and Plaintiff's behavior leading up to the incident in the yard. The Court therefore finds that Plaintiff has justified calling these inmates as witnesses at trial.

Using the information provided by Plaintiff (Doc. 120 at 5), defense counsel shall arrange for inmates Elias Holguin and Scotty Jones to be available to testify via Zoom video teleconference on Wednesday, April 29, 2026, at 2:00 PM and 3:00 PM, respectively. If Plaintiff believes that inmates Elias Holguin and Scotty Jones will not testify voluntarily, Plaintiff should complete subpoena forms and USM-285 forms for these inmate witnesses and return them to the Clerk of Court within 7 days. *See* 28 U.S.C. § 1821(f) ("Any witness who is incarcerated at the time that his or her testimony is given . . . may not receive fees or allowances under this section . . . .").

### E.  Unsealing of Doc. 131

The Court's Partial Order (Doc. 129) directed defense counsel to file under seal the home addresses for non-inmate witnesses Jaimes Bravo and Ryan Meyers, or alternatively, agree to accept service of the subpoenas and provide the address at which counsel would like to be personally served. (Doc. 129 at 4). Defense counsel agreed to accept service for the witnesses and filed under seal the address of counsel's law firm (Doc. 131), which is listed at the top of every publicly available filing submitted by counsel. Because Doc. 131 contains the publicly available address of defense counsel's law firm and not the home addresses for the witnesses, the Court will order Doc. 131 to be unsealed.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to subpoena Defendants Otter, Fitzgibbons, and Velasco, Director Ryan Thornell, Sgt. Brian Goddard, and Sgt. Marcos Lopez (Doc. 120) is **denied**.

**IT IS FURTHER ORDERED** that defense counsel shall coordinate with the prison and arrange for inmate Elias Holguin to be available to testify via Zoom video teleconference on Wednesday, April 29, 2026, at 2:00 PM, and for inmate Scotty Jones to be available to testify via Zoom video conference on Wednesday, April 29, 2026, at 3:00 PM.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff this Order, a copy of the Marshal's Process Receipt & Return form (USM-285) and Blank Trial Subpoena forms for inmates Elias Holguin and Scotty Jones.

**IT IS FURTHER ORDERED** that if Plaintiff believes inmates Elias Holguin and Scotty Jones will not testify voluntarily, Plaintiff must complete and return the subpoenas and USM-285 to the Clerk of Court **within 7 days**.

**IT IS FURTHER ORDERED** that upon receipt of the completed forms, the Court will direct the Marshals to serve the respective inmates.

**IT IS FURTHER ORDERED** that notwithstanding this Court's Order at Doc. 129, witnesses Bravo and Meyers may not be available to testify at trial because Plaintiff failed to return the witness fees and completed forms for service; however, Defendants have listed these witnesses in the final pretrial order as witnesses Defendants intend to call. If these witnesses are called by Defendant, Plaintiff will have the opportunity to question them, including in his rebuttal case if requested.

**IT IS FINALLY ORDERED** that Doc. 131 shall be unsealed.

Dated this 4th day of March, 2026.

James A. Teilborg
Senior United States District Judge