**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy J Williams, | No. CV-24-00924-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| N. Otter, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for an extension of time (Doc. 152) to complete and return the subpoenas and USM-285 forms for Jaime Bravo and Ryan Meyers. For the reasons explained below, the Court will grant Plaintiff's motion.

## I.   DISCUSSION

The Court's February 17, 2026 Order (Doc. 129) instructed Plaintiff to return these forms within 7 days. Plaintiff states that he did not receive the Court's February 17, 2026 Order until March 2, 2026, and now requests that the deadline to return these forms be extended to March 12, 2026.

Rule 6(b) states that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(a)(1)(B). Excusable neglect rests on the relevant circumstances surrounding a party's failure to meet a deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has set forth four factors to be considered in determining if excusable neglect exists: "(1) the danger of prejudice to

the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395).

The Court finds that there is little to no danger of prejudice to Defendants because the Proposed Pretrial Order (Doc. 149) indicates that Defendants also plan to call Ryan Meyers and Jaime Bravo as witnesses. (Doc. 149 at 20–21). The Court also finds that the length of delay will not cause a significant impact on judicial proceedings. Moreover, Plaintiff alleges that he has in good faith attempted to meet the Court's deadlines and that his failure to do so was due to circumstances of his incarceration beyond his control. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967))).

In sum, the Court finds that all four factors weigh in favor of granting the motion. The Court will therefore extend the deadline for Plaintiff to complete and return the subpoenas and USM-285 forms for Jaime Bravo and Ryan Meyers to Thursday, March 12, 2026.

The Court is aware that Plaintiff has expressed an ongoing difficulty in meeting the Court's deadlines due to circumstances of his incarceration beyond his control, particularly relating to delays in the prison's mail and e-filing systems. To avoid further delays caused by these difficulties, the Court will require that, going forward, any motions for extensions of time filed by Plaintiff must include the late document Plaintiff would like the Court to consider. If Plaintiff files an extension of time before the original deadline has passed, Plaintiff should not wait for the Court to rule on the motion for extension of time before filing the late document but should instead file the late document as soon as possible.

I.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an extension of time to complete and return the subpoenas and USM-285 forms for Jaime Bravo and Ryan Meyers (Doc. 152) is **GRANTED**. Plaintiff shall complete and return the forms by **Thursday, March 12, 2026**. Plaintiff must also tender the witness fees of $141.07 for each witness as calculated by defense counsel (Doc. 130). The United States Marshal will not provide service if Plaintiff fails to comply with this Order.

**IT IS FURTHER ORDERED** that any future motions for extensions of time filed by Plaintiff must include the late document Plaintiff would like the Court to consider. If Plaintiff is unable to meet the Court's deadlines despite his best efforts, Plaintiff should file the late document as soon as possible to avoid further delays.

Dated this 5th day of March, 2026.

James A. Teilborg
Senior United States District Judge

- 3 -