**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jeremy J Williams,

　　　　　Plaintiff,

v.

N. Otter, et al.,

　　　　　Defendants.

No. CV-24-00924-PHX-JAT

**ORDER**

Pending before the Court are Plaintiff's three renewed motions to appoint counsel (Docs. 109, 110, and 154). As the Court noted in the Order at Doc. 155, the Court's pro bono coordinator has been attempting to locate pro bono counsel for Plaintiff, at Plaintiff's request, for several months. The Court proceeded with this search in light of the upcoming trial.

As was also detailed in the Order at Doc. 155, the Court needed assistance from the parties to determine if there would be objections to scheduling adjustments if the only available pro bono counsel was appointed. As a courtesy to the Court, and given the short remaining time until trial in this case, the Court asked defense counsel to gather certain information. Defense counsel attempted to comply with the Court's Order to have a call with Plaintiff to gather information and report back to the Court. (Doc. 155).

Much to the Court's dismay, defense counsel's report stated, "Defense counsel attempted to speak with Plaintiff on March 20, 2026, but Plaintiff refused to speak with undersigned counsel per CO III Ortiz." (Doc. 156 at 2). The Court's Order at Doc. 155

specifically directed this call take place if at all possible.  Plaintiff cannot refuse to comply with a Court Order.  *See* Fed. R. Civ. P. 41(b).

The Court will not appoint pro bono counsel into a futile situation.  *See, e.g., Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) ("…the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

As discussed in this Court's Order at Doc. 155, the only pro bono counsel the Court's coordinator could locate is not available on the current trial date; but now, due to Plaintiff's behavior, the Court has no indication of whether Plaintiff agrees to a continuance.  (*See* Docs. 155-156).  Further, Plaintiff's behavior makes the Court question whether Plaintiff will similarly refuse to speak with pro bono counsel, which would make representation impossible.  Additionally, defense counsel objects to re-doing any pretrial documents; thereby making the appointment of pro bono counsel even more cumbersome at this late stage.  Finally, Plaintiff was invited to file further information regarding trial and the potential appointment of counsel by March 23, 2026, and failed to file anything.

There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *See Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980); *Wilborn v. Escalderon,* 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, the Court finds no exceptional circumstances.  Plaintiff adequately articulated his claims pro se in opposition to summary judgment; and the claims are not particularly

complex.  Additionally, while at summary judgment the Court found disputed issues of fact for a jury to decide, for the Plaintiff to prevail on the merits, the jury would have to resolve those fact disputes in Plaintiff's favor, which the Court cannot conclude is "likely." Finally, appointment of counsel may be futile for the reasons stated above.

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's requests for appointment of counsel (Docs. 109, 110, and 154).

**IT IS FURTHER ORDERED** confirming the Final Pretrial Conference on April 8, 2026, and the Trial on April 28, 2026.

**IT IS FINALLY ORDERED** that Plaintiff is cautioned that any future failure to comply with a Court Order may result in sanctions, including dismissal of this case. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Dated this 25th day of March, 2026.

James A. Teilborg
Senior United States District Judge